UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SHAVAUGHN CARLOS WILSON-EL, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>SUPERINTENDENT RICHARD )<br>  BROWN, )<br>)<br>Respondent. ) | Case No. 2:12-cv-063-WTL-WGH |

**Entry Discussing Petition for Writ of Habeas Corpus**

For the reasons explained in this Entry, the petition of Shavaugn Carlos Wilson-El ("Wilson-El") for a writ of habeas corpus must be **denied** and this action is **dismissed with prejudice.**

**Background**

The pleadings and the expanded record in this action establish the following:

1.  Wilson-El is confined at an Indiana prison. He seeks a writ of habeas corpus with respect to a prison disciplinary proceeding identified as No. WVS 11-08-0003, wherein he was found guilty of having violated prison rules through the unauthorized alteration of State property.

2.  A conduct report was issued reciting that on the morning of August 3, 2011, during a shakedown of Wilson-El, the officer discovered a "stinger," which is an electrical cord with nail clippers attached to one end and a fan without a cord.

3. Wilson-el was supplied with a copy of the charge and notified of his procedural rights. A hearing was then conducted on September 1, 2011, at which Wilson-El was found guilty as charged. He was sanctioned, in part, with the deprivation of a period of earned good time. His administrative appeals were rejected and this action followed.

### Wilson-El=s Claims

Contending that the proceeding described above is tainted by constitutional error, Wilson-El seeks a writ of habeas corpus. His specific contentions are that: (1) he was denied exculpatory evidence; (2) he was denied an adequate opportunity to prepare his defense; and (3) he was denied a fair and impartial disciplinary process.

### Discussion

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. ' 2254(a) only if it finds the applicant Ais in custody in violation of the Constitution or laws or treaties of the United States.@ *Id.* Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. *Meeks v. McBride,* 81 F.3d 717, 719 (7th Cir. 1996) (citing *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974)).

In these circumstances, Wilson-El was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive

component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

Under *Wolff* and *Hill,* Wilson-El received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Wilson-El was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of her findings, and (3) the hearing officer issued a written reason for her decision and for the sanctions which were imposed. Wilson-El's claims otherwise are unavailing here.

> !	Wilson-El complains that he was denied exculpatory evidence, but the expanded record shows this is not the case. Specifically, the expanded record shows that (1) although Wilson-El did not request witnesses, he was given the opportunity to request witnesses; (2) Wilson-El requested a videotape, and the videotape summary was considered at Wilson-El's disciplinary hearing; (3) the hearing officer considered photographs of the confiscated items; (4) the hearing officer considered Wilson-El's statement; and (5) the hearing officer considered the confiscation form which describes the property removed as "1-fan with no cord, 1-'stinger'-toenail clippers w/wire/cord on it 45 oranges."

> !	Wilson-El contends that he was denied an adequate opportunity to prepare his defense. The record shows that Wilson-El was notified of the charge and of his procedural rights on August 3, 2011, and that the hearing was conducted on September 1, 2011. The hearing had been originally scheduled for August 19, 2011, and was delayed 13 days due to Wilson-El's unavailability and to provide the opportunity to view the video. These circumstances show that Wilson-El had ample notice by any measure, including that established by *Wolff,* and in any event has not shown prejudice by the timing of the hearing. Wilson-El also claims that because he did not receive the requested evidence until the day of his hearing, he could not adequately prepare his defense. This claim is meritless. Due process requires that prisoners receive written *notice* of the claimed violation at least 24 hours before a hearing. *Wolff*, 418 U.S. at 564; *Scruggs*, 485 F.3d at 939. Wilson-El received notice of the charges against him 29 days before his hearing. This was sufficient to put Wilson-El on notice of, and allow him to defend against, the charge. That is all that due process requires. *See id*. at 362. *Wolff* and its progeny do not require advance disclosure of evidence to the inmate.

> !	Wilson-El complains that he was denied a fair and impartial decision process. Specifically, Wilson-El argues that the hearing officer should have recused herself from the proceedings because she "became rude and agitated," refused to consider the evidence presented by Wilson-El, and would not allow the screening

officer to reduce the charges. A prisoner is entitled to a neutral and detached decision-maker. *Redding v. Fairman,* 717 F.2d 1105, 1112-13 (7th Cir. 1983). The procedural protections which insulate inmates include that entitlement, and would be hollow indeed without it. However, a hearing officer that follows established procedures, whose discretion is circumscribed by regulations, and which adheres to *Wolff's* procedural requirements, does not pose a hazard of arbitrariness violative of due process. *Wolff,* 418 U.S. at 571. Those procedures were followed in this case. Wilson-El also complains that he was charged due to retaliation by prison officers, but he "cannot bootstrap a frivolous complaint with a conclusory allegation of retaliation." *Brown v. Carpenter,* 889 F.Supp. 1028, 1034 (W.D.Tenn. 1995). Wilson-El's claim of bias is meritless.

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Wilson-El to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

   IT IS SO ORDERED.

Date:  11/04/2013

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Shavaughn Carlos Wilson-El
#917706
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

Electronically Registered Counsel